IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAROME RONELL WILLINGHAM,**

                        **Plaintiff,**

      v.                        CASE NO. 12-3134-SAC

**JOHNSON COUNTY DETENTION CENTER,**
**et al.,**

                        **Defendants.**

MEMORANDUM AND ORDER

    This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. Because it appears from the docket sheet in this matter that plaintiff is incarcerated, the court will direct him to submit a certified financial statement from the institution in which he is incarcerated showing the transactions in his institutional financial account for the six months preceding the filing of this action, or such period as may be available. *See* 28 U.S.C. §1915(b)(requiring an incarcerated plaintiff to pay the full filing fee and directing the court to calculate an initial partial filing fee upon financial information for the six months preceding the commencement of the action).

*Screening*

    A federal court must conduct a preliminary screening of an action in which a prisoner seeks relief from a governmental entity or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss the complaint, or any part of it,

if the court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

Plaintiff claims his rights were violated at the Johnson County Adult Detention Center when two deputies at the facility placed him in handcuffs and shackles which were too tight. He states he suffers from scarring and mental distress as a result of these actions.

The complaint reflects that plaintiff filed an earlier action based upon the same acts, namely, *Willingham v. Johnson County Adult Detention Center*, Case No. 10-2584-EFM. A review of that matter shows that it was dismissed for failure to state a claim upon which relief may be granted.[1]

### Discussion

Under the doctrine of "res judicata", or claim preclusion, a final judgment on the merits of a previous action bars the parties or their privies from relitigating issues that were or could have been raised in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Satsky v. Paramount Comm., Inc.*, 7 F.3d 1464, 1467 (10th Cir.1993).

The doctrine of res judicata was developed to "relieve parties

---

[1] A review of the pleadings filed in Case No. 10-2584-EFM shows that plaintiff's objections to the Report and Recommendation entered in that matter identify officers Colton and Howell, the defendants to the present action, as those who placed him in handcuffs and shackles. The matter was dismissed for failure to state a claim for relief after plaintiff failed to file an amended complaint, as directed by the court.

2

of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen,* 449 U.S. at 94 (citation omitted). Res judicata bars a claim where three factors are met: (1) a final judgment on the merits was entered in the earlier action; (2) the earlier action involved the same parties or their privies; and (3) the earlier action involved the same claims as the new action. *See Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 (10 th Cir.1999).

The Tenth Circuit employs a transactional approach to claim preclusion, and has held that "a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit, which concluded in a valid and final judgment, will be precluded." *Yapp,* 186 F.3d at 1227 (citation omitted). Likewise, in the Tenth Circuit, a dismissal for failure to state a claim for relief is a qualifying prior dismissal that bars a subsequent filing arising from the same facts. *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 518 n. 8 (10th Cir.1994)("A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect.")

The court has considered the record in light of these principles and concludes the dismissal of plaintiff's previous action operates to bar the present filing. Accordingly, the court is considering the summary dismissal of this matter. Before entering such dismissal, the court will give plaintiff the opportunity to show cause why such a dismissal should not be entered.

3

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including August 24, 2012, (1) to supplement the motion for leave to proceed in forma pauperis with a certified financial statement and (2) to show cause why this matter should not be dismissed as barred by res judicata. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 24th day of July, 2012, at Topeka, Kansas.

                                              S/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge