#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**JAROME RONELL WILLINGHAM,**

                **Plaintiff,**

      **v.**                                             **CASE NO. 12-3134-SAC**

**JOHNSON COUNTY DETENTION CENTER, et al.,**

                **Defendants.**

#### MEMORANDUM AND ORDER

This matter is a civil rights complaint filed pursuant to 42 U.S.C. §1983. Plaintiff commenced this action while incarcerated in the Johnson County Adult Detention Center. He proceeds pro se and seeks leave to proceed in forma pauperis.

By its earlier order, the court directed plaintiff to supplement the motion to proceed in forma pauperis and to show cause why this matter should not be dismissed as barred by res judicata. The court noted that plaintiff had filed an earlier action[1] arising from the same acts which was dismissed for failure to state a claim upon which relief may be granted after plaintiff failed to file an amended complaint within the time allowed.

Plaintiff filed a timely response to the order to show cause, in which he sets forth his difficulty in filing an amended complaint. He specifically argues that he was unable to file an amended complaint because he did not understand how to do so, despite his efforts to seek assistance from the office of the clerk of court and by reference to the pro se litigants' manual.

---

[1] *Willingham v. Johnson County Adult Detention Center*, Case No. 10-2584-EFM.

Plaintiff's difficulty in understanding the law does not excuse his failure to file an amended complaint when he was given the opportunity to do so. The Federal Rules of Civil Procedure contemplate dismissal with prejudice where a party refuses to prosecute a civil case. Fed.R.Civ.P. 41(b). *See, e.g., American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir.), *cert. denied*, 488 U.S. 996)(1988)(affirming dismissal with prejudice of action brought by pro se prisoners where prisoners failed to comply with court order to amend the complaint). Likewise, it is settled that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(internal quotations omitted). The earlier dismissal is a decision on the merits and has "full res judicata effect". *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 518 n. 8 (10th Cir. 1994). Accordingly, the present action is barred by res judicata and must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 29th day of October, 2013, at Topeka, Kansas.

    S / Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge